UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN THE MATTER OF                          )          **UNDER SEAL**
THE EXTRADITION OF                        )
PERCY JAVIER VERA CHILQUILLO      )          Case No. 22-mj-4053-DHH
                                          )

COMPLAINT
(18 U.S.C. § 3184)

I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1.    In this matter, I represent the United States in fulfilling its treaty obligation to Peru.

2.    There is an extradition treaty in force between the United States and Peru, Extradition Treaty Between the United States of America and the Republic of Peru, U.S.-Peru, July 26, 2001, S. TREATY DOC. NO. 107-6 (2002) (referenced hereafter as the "Treaty").

3.    Pursuant to the Treaty, the Government of Peru has submitted a formal request through diplomatic channels for the extradition of Percy Javier VERA CHILQUILLO.

4.    According to the information provided by the Government of Peru, VERA CHILQUILLO is charged with extortion in violation of Section 200, Paragraph 2, Item 6 of the Peruvian Criminal Code and bribery in violation of Section 393 of the Peruvian Criminal Code.[1]

5.    These offenses were committed within the jurisdiction of Peru.  A warrant for VERA CHILQUILLO's arrest was issued on June 23, 2006, by the Court of Appeals for Lima, First Criminal Division.[2]

6.    The warrant was issued on the basis of the following facts:

---

[1] VERA_CHILQUILLO – EXT. REQ. 000363-64.
[2] *Id.* at 000600-02.

a.      In his capacity as an officer of the Peruvian National Police, VERA CHILQUILLO,

acting in concert with other police officers, used violence and threats to extort money and other items

of value from brothers German Salinas Jacinto ("German") and Celso Salinas Jacinto ("Celso").

b.      In July 1995, Peruvian National Police Captain VERA CHILQUILLO and other

police officers arrested German.  German testified that the officers offered to release him if he paid

them money.[3]  German does not know why he was arrested other than the fact that German had a

prior criminal conviction, which he believed made him a target for extortion.[4]

c.      On or about September 25, 1995, German filed a complaint against members of the

Police Theft Division, including VERA CHILQUILLO, accusing them of extortion.[5]

d.      On or about October 12, 1995, German was arrested again.  German paid the officers

USD 1,000 to be released.[6]  German filed another complaint against the officers on January 24, 1996.

e.      On or about January 24, 1996, VERA CHILQUILLO and other police officers

retaliated against German by arresting his brother Celso and beating him until he gave false

testimony implicating German in a robbery.[7]  Celso testified that the officers provided the details of

his accusation against his brother and forced him to sign the testimony before the prosecuting

attorney, threatening him that the torture would continue after he left if he refused to sign the

statement.[8]  The officers who orchestrated this arbitrary arrest and forced false testimony from Celso

mentioned German's complaint against them during his arrest and torture.[9]

f.      Celso testified that VERA CHILQUILLO and other officers offered to release him if

---

[3] *Id.* at 292.
[4] *Id.* at 268, 277, 278.
[5] *Id.* at 492.
[6] *Id.* at 276.
[7] *Id.* at 278, 281, 287, 289.
[8] *Id.* at 281.
[9] *Id.*

he paid them USD 3,000.[10]  Celso did not have enough money to make the payment but gave the

officers his gas stove and sewing machine instead.[11]

       g.        The next day, on or about January 25, 1996, Peruvian National Police officers

arrested German and accused him and Celso of robbing several businesses.[12]  German and Celso

denied these allegations and testified that the charges were retaliation for the complaint German filed

the day before.[13]

       h.        Celso testified that his neighbor, Jose Guido, was also arrested in an effort to obtain

incriminating testimony against the brothers.[14]  The neighbor did not provide any.[15]

       i.        German and Celso were detained for some time during the investigation against them.

The trial court acquitted German and Celso of the aggravated robbery charges when legal

representatives of the alleged victim companies testified that the alleged robbery never took place

and they never reported a robbery to police.[16]

       j.        One of the officers who engaged in the above-described conduct together with VERA

CHILQUILLO was later charged, pled guilty, and was sentenced to eight years imprisonment.

7.      Based upon information provided by U.S. law enforcement, VERA CHILQUILLO may

be found within the jurisdiction of this Court at 40 Stonybrook Lane, Shrewsbury,

Massachusetts.  His driver's license lists this address as his residence.  VERA CHILQUILLO also

has two vehicles registered to this address.

8.      Amy Lindsay, an attorney in the Office of the Legal Adviser of the U.S. Department of

State, has provided the U.S. Department of Justice with a declaration authenticating a copy of the

---

[10] *Id.* at 278-79
[11] *Id.* at 279.
[12] *Id.* at 265, 267.
[13] *Id.* at 270, 272, 273
[14] *Id.* at 279.
[15] *Id.*

diplomatic note by which the request for extradition was made and a copy of the Treaty, stating

that the offense for which extradition is demanded is provided for by the Treaty, and confirming

that the documents supporting the request for extradition are properly certified by the principal

U.S. diplomatic or consular officer in Peru in accordance with 18 U.S.C. § 3190, so as to enable

them to be received into evidence.

9.      The declaration from the U.S. Department of State with its attachments, including a copy

of the diplomatic note from Peru, a copy of the Treaty, and the certified documents submitted in

support of the request, (marked collectively as Government's Exhibit #1) are filed with this

complaint and incorporated by reference herein.

10.      VERA CHILQUILLO would be likely to flee if he learned of the existence of a warrant

for his arrest.

---

[16] *Id.* at 298-308.

WHEREFORE, the undersigned requests that a warrant for the arrest of the aforenamed person be issued in accordance with 18 U.S.C. § 3184 and the extradition treaty between the United States and Peru, so that the fugitive may be arrested and brought before this Court to the end that the evidence of criminality may be heard and considered, and that this complaint and the warrant be placed under the seal of the Court until such time as the warrant is executed.

STEPHEN W. HASSINK
Assistant United States Attorney
District of Massachusetts

Sworn to telephonically this __25th__ day of January, 2022, at __12:41 p.m.__ .

HON. DAVID H. HENNESSY
United States Magistrate Judge
District of Massachusetts